Edwards, Ch. J.
delivered the iollowing opinion of the court -It appears that in the year 1780, Rennix assigned to one James Bro wn, a bill of sale for an improvement on Dick’s river, opposite the mouth of Gilbert’s creek, which Rennix had obtained from Julius Sanders; but that afterwards a certificate was obtained from the commissioners, in Rennix’s name, and located on that improvement, the assignment of his right notwithstanding. That in 1781, Brown agreed to give Greenup one half the claim purchased from Rennix, in consideration that Greenup undertook to clear the claim out of the offices.
Greenup finding the improvement located for Ren-nix, and that he was not willing to transfer the right to Brown, prosecuted a suit in the supreme court for the district of Kentucky, against Reimix, in the name of Brown, and obtained a decree upon the bill taken pro confessp, in favor of Brown, for the 400 acres entered in the name of Rennix. By the decree, the plat and certificate of survey, as ordered to be made, was to be assigned by Rennix to Brown, that a grant might issue to him ; and upon executingthe assignment, Brown was to pay to Rennix 16/. 5s. being the balance of the consideration to be paid him for the said lands, without interest thereon.
It farther appears, that the plat and certificate of'survey, according to the decree, was presented to Rennix; *595 and the money tendered, as by the decree Was directed ; but he refused to receive the money, or assign the plat and certificate : subsequently, procured a grant for the 400 acres, to himself, and thereby obtained a judgment against Greenup, in ejectment. This bill was exhibited against ‘Brovyn and Rennix, to have relief against the judgment at law, and to Obtain one moiety of the land, by virtue of the agreement with Brown, and the decree against Rennix, as before recited.
Brown’s answer, admits the statement in the bill, and that he has always been willing to comply with the agreement, but that he has been prevented, in'consequence of Rennix’s claim.having been located on the improvement sold by him to said Brown.
The defence in the answer of Rennix, is, that Brown’s purchase was conditioned, that he was to have paid 5/. before he left the neighborhood, and to have taken tip Rennix’s bond to Sanders, for about IQl.; that neither of these conditions precedent had been performed, the assignment of the bill of sale to Brown notwithstanding j that the settlement of Rennix, by mistake of Isaac Hite, was laid on the Dick’s river improvement, instead of on one which he had on Licking; that the money which he received from Brown, was on account of some lots ⅛ Harrodsburg.
The circuit court dismissed the bill, with costs ; to which decree this writ of error, with a supersedeas, has been prosecuted.
In addition to the positions taken by the answer, it was argued for the defendant, that the claim set n|j is Stale; that the decree between Brown and Rennix, ought not have, been received ,as evidence, without the bill and complete record of the suit; that the taking the bill pro confessain that cause, -without an attachment for answer, was erroneous ; that the decree, therefore, ought not to avail; and, finally, that, the decree of the circuit court was correct.
Considering the claim of Greenup,in conjunction with the decree of the supreme court for the Kentucky district; the subsequent tender of the. money,and request made on Rennik to perform the decree ; together with the possession of Greenup, or of those claiming under him ; we cannot say the demand is stale. The part which Greenup has acted, in ohtainingthe decree; and *596 his subsequent acts, in making a tender of the balance of* the consideration, and demanding performance on behalf of Brown ; amount to a performance of the spirit of his undertaking, as much as the suing out the grant iu Brown’s name would have been, but for the mistake, or fraud, or accident, which put Rennix’s claim on Dick’s river, instead of Licking. Brown, therefore, properly admitted that Greenup was entitled to ha^e of him a performance of the agreement to give one half the claim.
We cannot now reverse the decree of the old supreme court. As it was a court of competent jurisdiction, and was established by the sovereignty which then had dominion over the persons, as well as the subject of the contest, Rennix ought to have applied in a compe - tent time, and to, the proper tribunal, for a review, or a reversal of the decree, if it was erroneous, or irregular. This he has not done ; but, in contempt of the decree, obtained a grant to himself.
If it were not for the decree, of which Greenup seeks to have the, benefit, and the survey made by order of said court, which are exhibited by the complainant in his bill, some doubt might have existed, as to the decree which ought to haye been made by the circuit court.
Whether that decree is to be received as evidence, seems to be the principal point in the case. The defendant might have produced the whole record, or required the complainant, Greenup, to produce it, in case he had supposed any thing therein contained, would, have benefited himself, the said defendant. In bills to have the benefit of, or to carry into effect former decrees, defendants have been permitted, in some cases, to, impeach those decrees ; but this must be done by the exhibits and evidence in the cause wherein the decree was pronounced.
Here, the defendant attempts to impeach the decree, not by evidence taken in the cause, wherein the decree in the old supreme court was rendered, but wholly extrinsic. He did not call for the complete record, nor object to the decree, as offered in the court below ; if he had done so, that court might have given the complainant a reasonable time, in their discretion, to produce the complete transcript.
The defendant not choosing to object, in the court below, cannot be heard with his objection here. The r uk^ *597 of evidence, at law, and in chancery, are the same ; th© defendant, by confession, and endeavoring to avoid the decree, made it unnecessary for the complainant to pror duce more of the record than he had exhibited in his bill. The decree being admitted as evidence, is conclusive as to the right of Brown to have the 400 acres of land, paying the sum in the said decree mentioned. And Rennix has not proved any subsequent matter in avoidance. The defendant, by his obstinate refusal to perform that decree, has deprived himself, in the interim, of the use of the balance of the consideration due for the improvement; and that he has paid the office fees, subsequent to the decree, is to be ascribed to the same cause. The complainant, Greenup, to hjave the benefit of that decree, is entitled to it upon performance of the terms thereof.--Decree reversed.